UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KKG (XXX-XX-7538)      CIVIL ACTION NO. 09-cv-1615

VERSUS      JUDGE HICKS

U.S. COMMISSIONER SOCIAL      MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

KKG ("Plaintiff") was born in 1961, has a high school education and some college credits, and past work experience as an information systems specialist and administrative assistant. She applied for disability benefits based on impairments related to reflex sympathetic dystrophy (a chronic pain state induced by soft tissue injury), carpal tunnel syndrome, and osteoarthritis. ALJ W. Thomas Bundy conducted a hearing and issued a decision that denied the claim. Tr. 383-91. The Appeals Council vacated that decision and remanded for the gathering of additional evidence from treating sources and further consideration of issues identified in its order. Tr. 399-401. ALJ Charles Lindsay conducted a second hearing and issued a written decision that again denied benefits. Tr. 15-22. The Appeals Council denied a request for review. Tr. 8. Plaintiff then filed this civil action seeking judicial review.

**Issues on Appeal**

Plaintiff asserts two issues on appeal. She argues that the ALJ (1) did not adequately take into account evidence of side effects from Plaintiff's medication, and (2) the ALJ's decision does not provide adequate reasons for rejecting the opinion of a treating physician. Plaintiff's original brief identifies the rejected opinion as belonging to Dr. Manish Aggarwal, but counsel clarifies in the reply memorandum that the opinion at issue is actually that of Dr. Eric Burton.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

    **A.    The Five-Step Review**

Disability Insurance Benefits (Part 404) eligibility and amount are tied to the applicant's earnings history. Supplemental Security Income or SSI (Part 416) has no

minimum earnings prerequisite and pays a fixed monthly benefit to all recipients. The law governing the determination of disability is the same for both. Haywood v. Sullivan, 888 F.2d 1463, 1467 (5th Cir. 1989) A five-step sequential evaluation is employed:

1. The claimant must not be engaging in substantial gainful work activity.

2. The claimant must have a "severe" impairment as defined by Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985).

3. If the impairment meets or equals an impairment listed in Appendix 1 of the regulations the person will be considered disabled without consideration of vocational factors.

4. A claimant capable of performing his past relevant work is not disabled.

5. If a claimant cannot perform his past work, other factors including age, education, work experience, and residual functional capacity ("RFC") must be considered to determine if he can perform other work.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1520 (DIB); and 416.920 (SSI). The claimant has the burden on the first four steps of the analysis. Bowen v. Yuckert, 107 S.Ct. 2287, 2294 n. 5 (1987). The burden shifts to the Commissioner on the fifth step. Id. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987).

**B. Summary of the ALJ's Decision**

The ALJ found that Plaintiff had not engaged in substantial gainful activity (step one) since the September 2002 alleged onset date. He found at step two that Plaintiff had the

following severe impairments: reflex sympathetic dystrophy/carpal tunnel syndrome, and osteoarthritis. He then found that these impairments did not meet or equal a listed impairment.

The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform light work[1], except no more than occasional postural activities (but no climbing of ladders); frequent reaching, handling, and fingering; the need to sit/stand at will; and the need to use a cane occasionally for ambulation. A vocational expert ("VE") testified that a person with Plaintiff's RFC, age, education, and skills could perform the demands of Plaintiff's past jobs of information systems specialist (sedentary) and administrative assistant (light). The VE also testified that Plaintiff had skills that were transferable to other sedentary jobs that exist in significant numbers in the national economy. The ALJ accepted the VE's testimony and found at step four that Plaintiff was not disabled because she was capable of performing her past relevant work.

### C. Side Effects From Medication

The regulations require the Commissioner to consider the "type, dosage, effectiveness, and side effects of any medication [the claimant] take [s] or ha[s] taken to alleviate [the claimant's] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(IV). See Crowley v. Apfel,

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. Social Security Ruling 83-10.

197 F.3d 194, 199 (5th Cir.1999). Limitations caused by side effects must be taken into consideration when determining whether a claimant is disabled. The absence of a direct discussion of a claim of drowsiness or other side effect, which could be a significant non-exertional impairment, may deprive the agency decision of substantial evidence to support it and preclude an informed appellate review. C.A.B. v. Astrue, 2009 WL 3156544 (W.D. La. 2009). See also, Clay v. Commissioner, 2009 WL 5195943 (W.D. La. 2009)("[W]hen a claimant complains of medication side effects, and the ALJ fails to evaluate those side effects and their impact on the claimant's residual functional capacity, the ALJ commits error.").

Plaintiff was asked at the hearing if she could still do her past job. She answered "no way" because she was "unable to think clearly to even do a lot of the (computer) work that I did before." She went on to talk about some lifting, walking, and other demands of the job. She then added: "My concentration level from the pain, and I believe from probably the Neurontin, has just kind of gotten my memory." Tr. 628-29. The ALJ later asked how the medicines that Plaintiff was taking affected her pain. She said they helped a bit, then added: "But again, I think the Neurontin sometimes I just get foggy headed." The ALJ acknowledged that Plaintiff had "said that you think your Neurontin is causing you to have poor concentration and I guess memory loss." He asked if there were other side effects from medicines, and Plaintiff said she could not think of any. Tr. 629-30. Plaintiff was asked in her application papers to list side effects of her medicines, and she wrote that the Neurontin

"affects short-term memory." Tr. 106. The ALJ's decision mentioned twice that Plaintiff had been treated with Neurontin (Tr. 19 and 20), but there was no specific discussion of the claimed side effects. The ALJ did assess the credibility of some of Plaintiff's testimony (Tr. 21), but the side effects issue was not mentioned.

The Commissioner argues that subjective statements regarding side effects of treatment must be corroborated, at least in part, by objective medical evidence. The claimant in Crowley testified at his hearing that he had side effects from his prescribed medications. He testified that he experienced nausea, dizziness, and sore throat. He also said that he had difficulty maintaining his blood sugar, which caused side effects including diminished coherence. The ALJ's written decision acknowledged that the claimant took prescription medication for neuropathy and OTC medications for back pain, but said incorrectly that the claimant reported no adverse side effects. The Fifth Circuit noted the claimant's testimony and, without reference to any medical findings, said that the Commissioner's conclusion that the claimant suffered from no adverse side effects was in error. Remand to the agency was ordered. Crowley, 197 F.3d at 199. There was no mention in Crowley of objective evidence to support the claimant's testimony about side effects or any requirement of the same. It appears from the opinion that the Court remanded based solely on the testimony of the claimant.

The Commissioner, in support of his argument that objective evidence is required regarding the side effects, cites Marlow v. Barnhart, 161 Fed. Appx. 346, 348 (5th Cir.

2005). The ALJ in that case actually considered the testimony regarding side effects but found the subjective complaints not credible. The court noted that the ALJ's credibility determination is accorded great deference and observed that the claimant had failed to produce objective medical evidence to support his testimony regarding side effects. The Commissioner's decision was affirmed. This unpublished decision does not go so far as to mandate objective medical evidence of medication side effects before an ALJ must consider them. It merely observed that the lack of objective evidence supported the ALJ's specific assessment of the claim of side effects. Had the ALJ in this case made a specific consideration of the side effects issue and rejected Plaintiff's testimony, the lack of objective evidence would be a factor that would weigh in favor of upholding that assessment. But there was no such assessment in this case, and it is not the role of the court to make credibility determinations in the first instance on a cold transcript. Furthermore, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000). See also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir.2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so.").

The Commissioner also cites a district court opinion that did hold that a claimant's testimony alone is insufficient to establish that the ALJ should have explicitly addressed the side effects of medication. Eovaldi v. Astrue, 2010 WL 2991096, *10 (S.D. Tex. 2010). That is perhaps a reasonable rule, but the undersigned is concerned that there is tension

between that approach and the holding in the published Crowley decision. Furthermore, the testimony about the side effects was not a mere passing observation in this case. Plaintiff mentioned it twice during a conversation about such matters, and the ALJ acknowledged her claim during the hearing. An ALJ need not discuss every piece of evidence in the record, but he may not ignore a significant line of evidence that is in contradiction to his findings and that could reasonably cast doubt on the result. Rey v. Commissioner, 2009 WL 249702, *2 (W.D. La. 2009).

The decision in this case did not adequately address the specific testimony that the daily medication caused poor concentration and memory loss. The ALJ did generally discuss Plaintiff's credibility, but that general discussion is inadequate in light of the apparent oversight of the nature of Plaintiff's testimony about her side effects. This issue warrants reversal and remand. If Plaintiff's claimed side effects were found to exist, they could significantly affect her RFC and, therefore, the VE's testimony about whether Plaintiff could perform her past relevant work or other available jobs.

**Conclusion**

The court need not reach Plaintiff's argument that the ALJ did not provide adequate reasons for rejecting the opinions of Dr. Eric Burton. A reversal and remand is required for the reasons stated above, and this will permit the agency the opportunity to respond to the Burton argument as appropriate. Counsel for Plaintiff is encouraged to raise all such

arguments before the agency with particularity so that the agency has the best opportunity to address them in the first instance.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of January, 2011.

                                                   MARK L. HORNSBY
                                       UNITED STATES MAGISTRATE JUDGE